**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**

**CIVIL ACTION NO. 3:05CV-169-H**

**STEPHEN RAYNARD MCPHERSON**                                              **PLAINTIFF**

**v.**

**SCHEMPP REALTY MANAGEMENT** *et al.*                                     **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff filed a *pro se* complaint alleging that the defendants stole various items from his apartment (DN 1). Because the complaint did not comply with Rule 8(a) of the Federal Rules of Civil Procedure in that it failed to set forth this Court's subject matter jurisdiction and failed to identify any specific cause of action against the defendants, the Court entered an Order granting the plaintiff twenty days within which to amend his complaint to cure the deficiencies (DN 4). Upon review of the plaintiff's timely amendment (DN 6), the Court concludes that the instant action must be dismissed for lack of subject matter jurisdiction.

**I. SUMMARY OF CLAIMS**

**A. Complaint**

Seeking damages and restitution in the amount of $175,000, the plaintiff brings the instant action against five defendants: Schempp Realty Management, Carroll Schempp, Patty Kallin, Myron Leslie Harvey, and Renisha Woods. He filed the complaint on a court-approved form, and in the section of the form directing the plaintiff to state the grounds for filing this case in federal court, the plaintiff writes, "Defendant, Schempp Realty Management has to date disregarded many attempts by plaintiff Stephen R. McPherson to resolve this matter. All parties

reside in Jefferson County." He does not fill out the "Statement of claim" section of the form complaint, but he attaches numerous documents containing allegations that the defendants stole items from his apartment while he was out of town.

Specifically, the plaintiff alleges that in October 2004, Defendant Harvey, a leasing agent and maintenance manager for Defendant Schempp Realty, ordered Defendant Kallin to drill a hole into the plaintiff's apartment door lock. Upon entering the apartment, Defendant Harvey went through the plaintiff's drawers and found a "Probationers contact card" in a desk. "They" then telephoned the probation and parole office and were told that the plaintiff was incarcerated in Texas. Upon learning this information, Defendant Harvey "instructed the two females that they could take anything that they wanted after he first selected the things that he wanted to take." Reportedly, the property, mostly furniture, was removed over the next few days. Defendant Woods was seen placing the plaintiff's property in her red Lincoln Navigator, and Defendant Kallin was seen loading items in a white Ford SUV.

After returning from Texas, finding that his property was missing, and being told by witnesses that Schempp Realty employees took the items, the plaintiff went to the Schempp Realty office, where Defendant "Carroll Schempp declined any liability for what had happened and exclaimed that [the plaintiff] was on [his] own." According to the plaintiff, Defendant Schempp "also never acknowledged that the females were contracted to do maintenance during the time of the break-in." Schempp Realty later fired Defendants Harvey and Woods but retained Defendant Kallin, who was instructed not to return to the Standard Avenue Apartments, where the plaintiff resided.

B. <u>Amendment</u>

In the amendment, the plaintiff offers three reasons why this action is in federal court. First, the plaintiff claims that he filed his case in federal court "due to the fact that the monetary claim for relief exceeds USD$ 75,000 dollars. . . .Also one of the defendants has sold property belonging to the Plaintiff to a party who has moved and resides in Ohio, thus creating a situation of diversity." Second, the plaintiff "feels that his Federal Civil Rights were violated by Schempp Realty in that Schempp maliciously allowed workers to move [his] property . . . in order to harass him and create a hostile environment upon his return." Finally, the plaintiff reports that he is a registered sex offender and asserts that "[i]t is a Federal Offense to harass or violate the civil rights of a registered sex offender." He contends that "Schempp attempted to continue the harassment through allowing a deadly and unhealthy living environment in the tenant's apartment (Maggot Infested Refrigerator), but rushed to rectify the unhealthy environment only after [the plaintiff] hired an attorney who contacted Schempp and placed them on notice."

## II. <u>ANALYSIS</u>

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. State of Tenn.*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

3

The complaint contains no reference to any federal statute or law upon which this Court's jurisdiction rests. In the amendment, however, the plaintiff attempts to establish the jurisdiction of this Court on three bases. First, the plaintiff asserts federal diversity jurisdiction. Under the diversity statute, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Because the plaintiff concedes that each party is a resident of Jefferson County, Kentucky, diversity jurisdiction is not present in this case. The fact that one of the defendants sold the plaintiff's property to an individual who moved to a different state does not alter this conclusion.

Second, in claiming that his "Federal Civil Rights were violated," the plaintiff is attempting to assert federal question jurisdiction under 28 U.S.C. § 1331. That statute provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff, however, has cited to no specific section of or amendment to the U.S. Constitution and has cited to no federal statute or other federal law which he claims has been violated. Thus, federal question jurisdiction has not been established.

Finally, the plaintiff again attempts to invoke federal question jurisdiction in claiming, "It is a Federal Offense to harass or violate the civil rights of a registered sex offender." The plaintiff, however, again cites to no federal statutory authority in support of his assertion of such a federal offense, and the Court is aware of no such law.

4

Even under the most liberal of construction of the complaint and its amendment, this Court cannot discern a federal cause of action under which the plaintiff may invoke this Court's federal question jurisdiction. While this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), this Court is not required to create a claim for the plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

Since even a liberal reading of the complaint and its amendment leads this Court to conclude that the plaintiff has failed to establish this Court's jurisdiction, the instant action must be dismissed.[1]

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Defendants
4412.005

---

[1] The Court notes that the plaintiff has recently filed a motion for summary judgment (DN 9), which is clearly premature at this early stage in the litigation. The Court has nevertheless reviewed the motion and finds nothing therein to establish this Court's subject matter jurisdiction.